UNITED STATES DISCTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TINA M. HOLLANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| R. R. DONNELLEY & SONS COMPANY, | ) ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff, Tina M. Hollander ("Hollander"), by counsel, for her causes of action against the Defendant, R. R. Donnelley & Sons Company ("RRD"), states and alleges as follows:

### I. INTRODUCTION

1. This is an action brought by Hollander for disability discrimination, under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq*. ("ADA"). Hollander was an employee at RRD's Kendallville, Indiana location from March 2014 through October 1, 2016 when RRD spun off and became LSC Communications US, LLC ("LSC"). During her employment with RRD, Hollander was subjected to harassment and a hostile work environment as a result of her disabilities and/or perceived disabilities, was called stupid, yelled at and laughed at by her co-workers. Hollander complained to management several times but nothing was done to correct her co-workers' behavior. Hollander seeks all appropriate legal and equitable relief including back pay, front pay, damages for the loss of fringe benefits, compensatory damages, punitive damages, and reasonable attorney's fees and costs of this action.

### II. PARTIES

2. Hollander is an individual and resident of Kendallville, Noble County, Indiana.

3. RRD is a for-profit foreign corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal offices located in Chicago, Illinois and during the pertinent time period, operated a location in Kendallville, Indiana.

### III. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction by virtue of 28 U.S.C § 1331 with respect to the ADA claim in addition to the specific statutes under those respective laws providing for federal court jurisdiction. This Court is the proper venue pursuant to 28 U.S.C. § 1391, as RRD operates in the Northern District of Indiana.

### IV. FACTS

5. Hollander incorporates by reference paragraphs 1 through 4 of this Complaint as if same were fully set forth herein.

6. At all times relevant hereto and for approximately two (2) years, Hollander was employed by RRD at its Kendallville, Indiana location.

7. In March of 2014, Hollander began working for RRD, formerly known as Courier Kendallville, Inc., as a Material Handler I.

8. During her employment with RRD, Hollander repeatedly informed her shift supervisor, Tim Thuering ("Thuering"), about repeated harassment she was exposed to by her co-workers.

9. Hollander told Thuering that she wanted to speak to the Human Resources department ("HR") representative and wanted to make sure they heard about these various incidents. Thuering refused to report the incidents to HR.

10. On one specific occasion, a fellow employee of Hollander's named Carla, walked up to Hollander, clapped in her face repeatedly, and said words to the effect of "if you're not smart

2

enough to do this job, get off the line." Hollander told Thuering about the incident and he failed to report it.

11. As a direct and proximate result of the unlawful harassment and exposure to a hostile work environment, Hollander has incurred damages.

## V. STATEMENT OF CLAIMS

**Count I: Violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq*.**

12. Hollander incorporates by reference paragraphs 1 through 11 of this Complaint as if the same were fully set forth herein.

13. Hollander is a qualified individual with a disability as defined under the ADA.

14. Hollander was harassed and subjected to a hostile work environment because of her disability/perceived disability in violation of the ADA.

15. Further, RRD did not engage in any type of interactive process to attempt to reasonably accommodate any disability she had or which they perceived she had.

16. As a direct and proximate result of RRD unlawful violations, Jennings has incurred damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Tina M. Hollander, requests the following relief:

1. An order of the Court granting judgment in her favor;

2. An award of damages sufficient to compensate her for her losses including, but not limited to the following:

   a. back pay;

   b. front pay;

  c. compensatory damages to compensate her for her embarrassment, humiliation, and emotional distress; and

  d. punitive damages, if appropriate.

3. Pre-judgment interest;

4. Costs of this action;

5. Reasonable attorney's fees; and

6. Any and all other relief appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, Tina M. Hollander, hereby demands a trial by jury as to all issues so triable.

        Respectfully Submitted,

        *THEISEN & ASSOCIATES, LLC*

        s/John C. Theisen
        John C. Theisen (#549-02)
        Nathaniel O. Hubley (#28609-64)
        Alex S. Schreiber (#31503-64)
        810 South Calhoun Street, Suite 200
        Fort Wayne, IN 46802
        Telephone: (260) 422-4255
        Fax: (260) 422-4245
        *Attorneys for Tina M. Hollander*